UNPUBLISHED OPINION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| John BAILEY, Jr., <br><br> Plaintiff, <br> v. <br><br> STATE OF NEW JERSEY DEPARTMENT OF CORRECTIONS ATLANTIC COUNTY JAIL, *et al.*, <br> Defendants. | Civil No. 16-1835 (RBK/JS) <br><br> **OPINION** |

**KUGLER**, United States District Judge:

This matter comes before the Court on Defendant Geraldine Cohen's Motion for Summary Judgment. (Doc. No. 21.) Because Plaintiff has presented no evidence to support a claim of a constitutional deprivation by Defendant Cohen, Defendant's motion is **GRANTED**.

## I.  THE FACTS

Plaintiff John Bailey, Jr. was incarcerated as a pre-trial detainee in the Atlantic County Justice Facility on March 18, 2015. (Pl. SUMF at ¶ 1.) On or around March 28, 2015, Plaintiff claims he was restrained and assaulted in the minimum security Annex D of the Atlantic County Justice Facility by four inmates: Jesus Silva, James Whitfield, Kadeem Sutton, and Travis Williams. (*Id.* at ¶¶ 2, 9) Plaintiff, in his complaint, claims that "the assault began in the bathroom when the above four inmates began beating Plaintiff with their fists, hit him on the side of the face with broom sticks, and tripped him after they accused him of 'being a snitch.'" (Compl. ¶ 4.) In his deposition, Plaintiff clarified that Mr. Silva had slapped him in the face; the assailants "surrounded me" and Silva "had the stick in his hand and he tapped me. He hit me with it." (Pl.

1

SUMF at ¶ 3.) Later that same night, the same four inmates hogtied Plaintiff by his wrists and ankles, picked him up and carried him to his bunk, tied him down, choked him out until he was unconscious, covered him with a sheet, and beat him. (*Id.* at ¶ 4.) A panning video camera in use in Annex D shows the incident starting with the inmates wrestling at 10:55 p.m. (*Id.* at ¶ 5.) The whole incident lasted about two minutes. (*Id.*)

Plaintiff never reported the incident to the guard on duty. (*Id.* at ¶ 6.) He never told the guard on duty of the restraint and assault, and never told the guard on duty about the bathroom incident. (*Id.* at ¶ 7.) Plaintiff acknowledges he never used the phone in his area to contact and report the problem, though he indicated "he needed to speak with someone on a request form he submitted to the Atlantic County Justice Facility." (*Id.* at ¶ 7.) Eventually, the incident was reported by another inmate two days later. (*Id.* at ¶ 8.) Internal Affairs then interviewed Plaintiff. (*Id.*)

During the incident, no blood was shed and no bones were broken, but Plaintiff maintains his wrists were injured. (*Id.* at ¶ 11.) He likewise maintains he was injured from being choked to unconsciousness and slapped. (*Id.*) Plaintiff also maintains he was emotionally traumatized by the event. (Compl. ¶ 35.)

Plaintiff filed suit against several defendants. As relevant to this motion, he has sued Geraldine Cohen, individually and in her official capacity as Warden of the Atlantic County Justice Facility. Plaintiff's complaint brings a 28 U.S.C. § 1983 claim of deliberate indifference under the Eight Amendment (Count One); a § 1983 claim of "civil rights violations" under the Fourteenth Amendment (Count Two); a claim seeking to impose liability under *Monell v. Department of Social Services*, 436 U.S. 658 (1978) (Count Three); and "New Jersey State Claims" (Count Four). Plaintiff has since withdrawn Count Two, the Fourteenth Amendment § 1983 claim. (Opp'n at 8.)

With respect to Defendant Cohen, Plaintiff has not identified any policies or procedures attributable to her. Plaintiff has not identified any evidence that could support a finding that Geraldine Cohen had knowledge of the dangerous condition to which Plaintiff was exposed.

## II.  JURISDICTION

This case comes within the Court's federal-question jurisdiction pursuant to 28 U.S.C. § 1331, as Plaintiff has pleaded a federal cause of action. As the parties are not diverse, the state law claims come within this Court's discretionary supplemental jurisdiction. *See* 28 U.S.C. § 1367.

## III.  THE SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate where the Court is satisfied that "there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). A genuine dispute of material fact exists only if the evidence is such that a reasonable jury could find for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When a court weighs the evidence presented by the parties, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id*. at 255.

The burden of establishing the nonexistence of a "genuine issue" is on the party moving for summary judgment. *Aman v. Cort Furniture Rental Corp.*, 85 F.3d 1074, 1080 (3d Cir. 1996). The moving party may satisfy its burden either by "produc[ing] evidence showing the absence of a genuine issue of material fact" or by " 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325.

If the party seeking summary judgment makes this showing, it is left to the nonmoving party to "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, to survive

3

summary judgment, the nonmoving party must "make a showing sufficient to establish the existence of [every] element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. Furthermore, "[w]hen opposing summary judgment, the nonmovant may not rest upon mere allegations, but rather must 'identify those facts of record which would contradict the facts identified by the movant.'" *Corliss v. Varner*, 247 F. App'x 353, 354 (3d Cir. Sept. 17, 2007) (quoting *Port Auth. of N.Y. and N.J. v. Affiliated FM Ins. Co.*, 311 F.3d 226, 233 (3d Cir. 2002)).

In deciding the merits of a party's motion for summary judgment, the Court's role is not to evaluate the evidence and decide the truth of the matter, but to determine whether there is a genuine issue for trial. *Anderson*, 477 U.S. at 249. Credibility determinations are the province of the fact finder. *Big Apple BMW, Inc. v. BMW of N. Am., Inc.*, 974 F.2d 1358, 1363 (3d Cir. 1992).

## IV. DISCUSSION

### A. Constitutional claims against Defendant Cohen

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Cohen has been sued in both her personal and official capacity. *See Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985) ("Personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law.").

Plaintiff has withdrawn his claim under the Fourteenth Amendment (Opp'n at 8), and the parties agree Plaintiff was a pre-trial detainee. (Def. SUMF at ¶ 1; Pl. at SUMF ¶ 1 ("Plaintiff was incarcerated as a pre-trial detainee")). However, as Plaintiff was a pre-trial detainee, the Eighth Amendment does not apply. As the Supreme Court has explained,

4

> "Eighth Amendment scrutiny is appropriate only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions . . . [T]he State does not acquire the power to punish with which the Eighth Amendment is concerned until after it has secured a formal adjudication of guilt in accordance with due process of law."

*City of Revere v. Massachusetts Gen. Hosp.*, 463 U.S. 239, 244 (1983) (citing *Ingraham v. Wright*, 430 U.S. 651, 671–672, n.40 (1977)). We therefore find that summary judgment on this claim is appropriate, for as a pre-trial detainee, Plaintiff's Eight Amendment rights could not have been violated. *See City of Revere*, 463 U.S. at 244 ("Because there had been no formal adjudication of guilt against [Defendant] at the time he required medical care, the Eighth Amendment has no application.").

Even if, however, we interpret Plaintiff's "deliberate indifference" claim as pleading a basis for relief that could provide a cognizable constitutional violation for a pre-trial detainee, we find that Plaintiff has failed to present evidence sufficient to withstand summary judgment.

Plaintiff alleges that Cohen may be personally liable for violating his constitutional or federal rights by way of "deliberate indifference," apparently invoking a theory of supervisory liability. Because vicarious liability and *respondeat superior* are not actionable under § 1983, *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989), Plaintiffs must show that Cohen, as a supervisor, violated his constitutional rights. *See Iqbal*, 556 U.S. at 677 ("Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct."). We note that a supervisor may only be liable if the failure to supervise led to her subordinates violating a plaintiff's constitutional rights. *See Argueta v. U.S. Immigration & Customs Enf't*, 643 F.3d 60, 72 (3d Cir. 2011); *A.M. ex rel. J.M.K. v. Luzerne Cnty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004). Plaintiff has not presented evidence that *any* of Cohen's

subordinates acted, or failed to act, in such a manner as to make out a constitutional violation. He has likewise not presented any evidence showing Cohen's direct involvement in his assault.

Plaintiff has likewise failed to establish a basis for supervisory liability. The Third Circuit has articulated a four-part test for determining whether an official may be held liable on a claim for a failure to supervise. "The plaintiff must identify a supervisory policy or practice that the supervisor failed to employ, and then prove that: (1) the policy or procedures in effect at the time of the alleged injury created an unreasonable risk of a constitutional violation; (2) the defendant-official was aware that the policy created an unreasonable risk; (3) the defendant was indifferent to that risk; and (4) the constitutional injury was caused by the failure to implement the supervisory practice or procedure." *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 317 (3d Cir. 2014), *cert. granted, judgment rev'd on other grounds sub nom. Taylor v. Barkes*, 135 S. Ct. 2042 (2015). Plaintiff has not identified a supervisory policy or practice that Defendant Cohen failed to employ. He has not presented evidence that establishes an unreasonable risk of a constitutional violation. He has not shown Cohen was aware or indifferent. He has also failed to present any evidence indicating a policy led to his injuries, which appear to be mental trauma and chafed wrists. In short, even taking the most expansive view possible of Plaintiff's briefing and evidence, the "deliberate indifference" claim of supervisory liability against Cohen fails. Insofar as the "*Monell* claim" against Cohen is distinguishable from a claim of supervisory liability, Plaintiff's claim fails for the same reasons: he has not presented evidence of a policy, custom, practice, or a failure to train, which would be cognizable under *Monell*. 436 U.S. at 691.

B. **State Law Claims**

Although the Court has frankly no idea what statutory or common law authority "Count IV—New Jersey State Claims" refers to, these claims are within the Court's discretionary supplementary jurisdiction. We will exercise that discretion. The state law claims are dismissed.

V. **CONCLUSION**

For the reasons above, Defendant's motion is **GRANTED**. An order follows.


Dated: March 19, 2018 /s Robert B. Kugler
ROBERT B. KUGLER
United States District Judge